JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:11-CV-00277-JST (MLGx)                                              Date: March 11, 2011
Title:  Federal National Mortgage Association v. Bishop Villas Homeowners Association

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

   Ellen Matheson                                                                                                N/A
    Deputy Clerk                                                                                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                                                           Not Present

**PROCEEDINGS:**     **(IN CHAMBERS) ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, Case No. 435329**

     Defendant Bishop Villas Homeowners Association ("Bishop") removed this case on February 15, 2011.  (Doc. 1.)  On February 25, 2011, the Court ordered Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction.  (Doc. 6.)  On March 7, 2011, Defendant responded to the OSC by reasserting that Plaintiff Federal National Mortgage Association ("Fannie Mae") is a federal government agency.  (Doc. 8 at 3.)
     Defendant relies on *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Raines*, 534 F.3d 779, 792-93 (D.C. Cir. 2008) to support the proposition that 12 U.S.C. § 1723a(a) provides federal subject matter jurisdiction.  (Doc. 8 at 3.)  *Pirelli* has subsequently been criticized and distinguished by various district courts, many of which cite to the language from Judge Janice Rogers Brown's concurrence in *Pirelli* that concurs in the court's decision to affirm the district court's dismissal, but argues that the court lacks subject matter jurisdiction over the case.  *See e.g.*, *Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, No. 2:10-CV-02619-JAM KJN PS, 2010 WL 5330499, at *6 (E.D. Cal. Dec. 20, 2010) ("By its plain language, the 'to sue and to be sued' language in 12 U.S.C. § 1723a(a) requires that a federal court have an independent basis for subject matter jurisdiction to hear a lawsuit involving Fannie Mae."); *Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp. 2d 1283, 1286 (W.D. Wash. 2010) (disagreeing with *Pirelli* and finding that "a 'competent jurisdiction' clause necessitates a supplementary grant of federal jurisdiction."); *Rincon Del Sol, LLC v. Lloyd's of London*, 709 F. Supp. 2d 517, 525 (S.D. Tex. 2010) (disagreeing with *Pirelli* and finding "that Fannie Mae's charter does not work to confer original subject matter jurisdiction"); *see also Knuckles v. RBMG, Inc.*, 481 F. Supp. 2d 559, 565 (S.D. W.Va. 2007) (pre-*Pirelli* decision where "the court conclude[d] that Fannie Mae's charter does not operate to confer federal jurisdiction").
     The Ninth Circuit has not addressed this matter.  The Court, however, finds the reasoning of *Bridgeman*, *Federal Home Loan Bank of Seattle*, *Rincon*, *Knuckles*, and the concurring opinion in *Pirelli* to be persuasive, and holds that the plain language of the "sue and be sued"

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:11-CV-00277-JST (MLGx)                              Date: March 11, 2011

Title:  Federal National Mortgage Association v. Bishop Villas Homeowners Association

clause in 12 U.S.C. § 1723a(a) does not grant federal subject matter jurisdiction.  *See Bridgeman*, 2010 WL 5330499, at \*6 n.10 ("The undersigned has not identified any binding Ninth Circuit authority that addresses [defendant's] argument based on [*Pirelli*].").  "The party invoking the removal statute bears the burden of establishing federal jurisdiction.  Furthermore, the removal statute is strictly construed against removal jurisdiction."  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (internal citation omitted).  The Court concludes that Defendant has not met its burden of establishing federal jurisdiction; therefore, the Court REMANDS this case to Orange County Superior Court.

                                                        Initials of Preparer:  enm